PACER Cover Sheet
for Electronically Filed Documents

Any data shown here are current as of 06/11/06 . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

| | |
|---|---|
| **Case Title:** | Western Bank - Alamogordo, et al. v. Meadow Valley Contractors, Inc., et al. |
| **Case Number:** | 04-01134 |

## Document Information

| | |
|---|---|
| **Description:** | Memorandum Opinion re: [9-1] Motion To Dismiss Adversary Proceeding by Meadow Valley Contractors, Inc., Jobe Concrete Products, Inc. and/or [10-1] Motion to abstain in favor of the NM District Court by Meadow Valley Contractors, Inc., Jobe Concrete Products, Inc. |
| **Received on:** | 2004-10-14 15:26:52.000 |
| **Date Filed:** | 2004-10-14 00:00:00.000 |
| **Date Entered On Docket:** | 2004-10-14 00:00:00.000 |

## Filer Information

| | |
|---|---|
| **Submitted By:** | James Burke |

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
JOEL DANLEY,
    Debtor.                                          No. 11-04-13378 SL

WESTERN BANK ALAMOGORDO,
    Plaintiff,
v.                                                  Adv. No. 04-1134 S

MEADOW VALLEY CONTRACTORS, INC., et al.,
    Defendants.

## MEMORANDUM OPINION ON MOTION TO DISMISS COMPLAINT AND/OR TO ABSTAIN IN FAVOR OF THE NEW MEXICO DISTRICT COURT

This matter is before the Court on a Motion to Dismiss and/or Abstain ("Motion") filed by Defendants Meadow Valley Contractors, Inc. ("MVC") and Jobe Concrete Products, Inc. ("Jobe"). (Docs 9, 10). MVC and Jobe are represented by their attorney Jennings, Haug & Cunningham, LLP (Curtis A. Jennings and Craig J. Bolton). Plaintiff Western Bank - Alamogordo ("Bank") filed a response (doc. 19) through its attorney Scott & Kienzle, P.A. (Paul M. Kienzle III and Robert Erickson). Bank then supplemented its response. (Doc. 29). MVC and Jobe then supplemented their motion to dismiss. (Doc. 32). The Court has reviewed the Motions and consulted the appropriate authorities, and finds that the Motion to Dismiss is not well taken. The Motion to Abstain will be taken under advisement.

The primary reasons for dismissal set out in the Motion are 1) the collateral referred to in the complaint is not an asset of the estate, and 2) the collateral is not cash collateral. The Motion seeks dismissal or abstention. With regard to dismissal, the opening paragraph of the Motion states that it is filed pursuant to Rules 12(b) and 12(c)[1], on the basis that the complaint "fails to state a claim against Defendants upon which relief can be granted." Similarly, in the Conclusion section of the Motion, page 14, it states that the complaint "fails to state a claim upon which relief can be granted." Therefore, the Court will construe the motion as one under Rule 12(b)(6).

Federal Rule 12(b)(6) provides:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: ... (6) failure to state a claim upon which relief can be granted ... If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and

---

[1] Federal Rule 12(c) provides for a Motion for Judgment on the Pleadings. The Rule states "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." The pleadings in this case are not closed; no answer has yet been filed. Therefore, Rule 12(c) does not apply, and the Motion should be denied to the extent it relies on Rule 12(c).

not excluded by the court, the motion shall be
treated as one for summary judgment and disposed of
as provided in Rule 56, and all parties shall be
given reasonable opportunity to present all material
made pertinent to such a motion by Rule 56.

Defendant attached various exhibits to its Motion. Therefore, if the Court does not exclude those exhibits, it must treat the Motion as one for summary judgment. Bank responds (Doc. 19, p.6) that if the Court were to treat this as a motion for summary judgment[2], it needs more time for discovery. Bank

---

[2] Bank argues that the Court should not treat the Motion as one for summary judgment because it does not follow NM LBR 7056-1. (Doc. 19, p.5). The Court agrees with this objection. Adherence to the local rule regarding summary judgment promotes efficiency both for the Court and the parties. See Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, 101 F.3d 145, 150-51 (D.C. Cir. 1996):
>  [The District Court's local rule regarding summary judgment procedures] assists the district court to maintain docket control and to decide motions for summary judgment efficiently and effectively. As this court explained in Gardels v. Central Intelligence Agency, 637 F.2d 770 (D.C.Cir.1980), with regard to the predecessor local rule identical to Local Rule 108(h):
> > Requiring strict compliance with the local rule is justified both by the nature of summary judgment and by the rule's purposes. The moving party's statement specifies the material facts and directs the district judge and the opponent of summary judgment to the parts of the record which the movant believes support his statement. The opponent then has the opportunity to respond by filing a counterstatement and affidavits showing genuine factual issues. The procedure contemplated by the rule thus isolates the facts that the parties assert are material, distinguishes disputed from undisputed facts,

(continued...)

attached an affidavit pursuant to Rule 56(f).  The Court finds that it should not treat the Motion as one for summary judgment, and will therefore exclude the matters outside of the pleadings.  Bank's request under Rule 56(f) is therefore moot.  If MVC and Jobe wish to pursue summary judgment after further discovery, they should submit a motion for summary judgment that follows the procedures set forth in NM LBR 7056-1.

**STANDARDS FOR RULE 12(b)(6) DISMISSAL**

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can

---

[2](...continued)
     and identifies the pertinent parts of the
     record.
Id. at 773. Similarly in Twist, the court noted that
"a district court should not be obliged to sift
through hundreds of pages of depositions,
affidavits, and interrogatories in order to make
[its] own analysis and determination of what may, or
may not, be a genuine issue of material fact." 854
F.2d at 1425. Professors Wright, Miller, and Kane
also point out that the purpose of local rules such
as Rule 108(h) is "to make certain that the issues
on the motion are properly framed." 10A Charles Alan
Wright, Arthur R. Miller and Mary Kay Kane, Federal
Practice and Procedure § 2719, at 13 (2d ed.1983).
Of particular significance, Rule 108(h) places the
burden on the parties and their counsel, who are
most familiar with the litigation and the record, to
crystallize for the district court the material
facts and relevant portions of the record. Twist,
854 F.2d at 1425; Guarino v. Brookfield Township
Trustees, 980 F.2d 399, 406 (6th Cir.1992).

Case 04-01134-s    Doc 38    Filed 10/14/04    Entered 10/14/04 16:50:00 Page 5 of 18

prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 47 (1957). All well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party. Sutton v. Utah State School for the Deaf and Blind, 173 F.3d 1226, 1236 (10th Cir. 1999)(citing GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997)). "The Court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." Id. (quoting Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991)). With this framework in mind, the Court will turn to the Complaint.

**Complaint**

For the purposes of this Motion to Dismiss, the Court takes all nonconclusory allegations of the complaint as true. Those facts will also be viewed in a light favorable to Bank.

Bank's Complaint is captioned "Complaint on Cash Collateral Issues." Parts I through VII set out facts on which the counts for relief are based. **Part I** establishes the parties and jurisdiction of the Court. **Part II** describes Bank's mortgage on a property commonly known as "The Pit."

Page -5-

Exhibit A, attached to the Complaint, is the mortgage, and it reflects recording information. Exhibit A, page 2, ¶ 3 contains a "Rents and Profits" clause. Debtor executed a Third Party Pledge Agreement, pledging his individual real property (i.e., The Pit) to secure the obligations of J.D. Materials, Inc. This document is Exhibit B. J.D. Materials executed a Security Agreement and a UCC-1 Financing Statement, attached as Exhibits I and J covering:

> All accounts, chattel paper, and general intangibles now owned and hereafter acquired by Debtor. All inventory now owned and hereafter acquired by Debtor including but not limited to, goods held for sale, goods held for lease, raw materials, works in process or materials used or consumed in customer's business and finished products, sand, gravel, rock.

Exhibits I and J reflect recording information. J.D. Materials executed a second Security Agreement covering inventory, accounts, instruments, documents, chattel paper, and other rights to payment, general intangibles, and government payments and programs. (Exhibit L). J.D. Materials executed a Security Agreement - Assignment of Contract, assigning to Bank a security interest in a contract with Johnson and Danley Construction Co. (Exhibit M). Debtor is in default of his obligations to Bank.

**Part III** describes leases and mortgages on The Pit. William I. Danley, former owner of The Pit, entered a lease with MVC.

William I. Danley sold The Pit to Debtor, with Bank providing the financing. Debtor and MVC entered a new lease with different terms after the sale. The original lease was extinguished, cancelled, released, or otherwise made null and void. MVC assigned its lease rights to Jobe. The assignment was not consented to in writing by Debtor as required by the new lease. MVC is in default[3]. **Part IV** describes the procedural posture of the case. Bank filed a foreclosure in Otero County. The state court Judge struck affirmative defenses of MVC. Bank has a first mortgage on The Pit. The state court Judge ruled that he would enter judgment against Debtor for money owed and real and personal property foreclosure. Before judgment was entered, Debtor filed for bankruptcy protection. Bank filed a Notice Pursuant to 11 U.S.C. § 546(b) as a precautionary measure to perfect its interest in post-petition rents, issues, profits, and revenues from the real property. No cash collateral order has been entered; the Court ruled that Debtor may not use cash collateral. **Part V** alleges that "Gravel is Cash Collateral." Bank argues that some or all of the gravel, rock, and

---

[3] Defendants Motion, page 4, states that this allegation is untrue. In a motion to dismiss, however, factual allegations are presumed true. Defendants' remedy is to file a properly documented motion for summary judgment.

aggregate and the proceeds thereof are the rents and profits of The Pit, and constitute collateral[4]. **Part VI** alleges "Gravel is Being Removed from the Pit." Job has been removing gravel without permission[5]. **Part VII** alleges "Defendants were on notice of the bankruptcy and continued to act." Bank then

---

[4] Defendants' Motion, page 7, claims that it owns the stockpiled materials it mined and processed in The Pit. This does not really contradict Plaintiff's allegation that "some or all" of the materials may be its collateral. The issue is whether Plaintiff should be given an opportunity in this lawsuit to prove its claim that some or all of the materials are its collateral. Defendant then cites three reasons that the proceeds of the sand, gravel, and aggregate are not the Bank's cash collateral: 1) § 363(a) only applies to property of the estate and only after a bankruptcy filing. Defendant claims that although the materials remain on the Debtor's realty, they belong to Defendants. This is not determinable on a motion to dismiss. Defendants should file a motion for summary judgment. 2) Plaintiff's security documents are defective. This fact is not patently obvious. Defendants should file a motion for summary judgment. 3) § 552(a) invalidates "after acquired property" clauses, and because Bank's interest is not properly perfected, its postpetition interest in what otherwise would be cash collateral is cut off by operation of law. Again, the issue of perfection is not resolvable in this motion to dismiss. As to the legal issue, "proceeds coverage, but not after-acquired property clauses, are valid under title 11." Unsecured Creditors Committee v. Marepcon Financial Corp. (In re Bumper Sales, Inc.), 907 F.2d 1430, 1436 (4th Cir. 1990). Defendants can present evidence and argue whether the collateral is proceeds or after-acquired property. Defendants should file a motion for summary judgment.

[5] Defendants' Motion, page 3, states that this allegation is untrue. In a motion to dismiss, however, factual allegations are presumed true. Defendants' remedy is to file a properly documented motion for summary judgment that shows otherwise.

Page -8-

Case 04-01134-s    Doc 38    Filed 10/14/04    Entered 10/14/04 16:50:00 Page 9 of 18

sets forth the notice Defendants received of the bankruptcy. Defendants have not accounted for any of the cash collateral removed from The Pit or the proceeds, nor have they paid Debtor or Bank. In 2001, Bank put MVC on written notice that it should be listed as a joint payee with Debtor on any checks.

**Count I** is a claim for conversion and seeks compensatory, punitive and special damages, and pre- and post-judgment interest and costs. Under New Mexico law,

> Conversion is defined as the unlawful exercise of dominion and control over personal property belonging to another in exclusion or defiance of the owner's rights, or acts constituting an unauthorized and injurious use of another's property, or a wrongful detention after demand has been made. Bowman v. Butler, 98 N.M. 357, 648 P.2d 815 (Ct.App. 1982); Taylor v. McBee, 78 N.M. 503, 433 P.2d 88 (Ct.App. 1967). The elements of this tort of conversion by demand and refusal are: (1) that the plaintiff had the right of possession of personal property; (2) that the plaintiff demanded that the defendant return the property to plaintiff; and (3) that the defendant refused to return the property to plaintiff. See Restatement (Second) of Torts § 237 (1965); 1 F. Harper, F. James & O. Gray, The Law of Torts § 2.27 (2d ed. 1986).

Nosker v. Trinity Land Co., 107 N.M. 333, 337-38, 757 P.2d 803, 807-08 (Ct.App. 1988). There is no question that a secured creditor may bring an action for conversion. AAA Auto Sales & Rental, Inc. v. Security Federal Savings & Loan Ass'n., 114 N.M. 761, 763, 845 P.2d 855, 857 (Ct.App. 1992).

Compare Clovis Nat'l Bank v. Thomas, 77 N.M. 554, 563, 425 P.2d 726, 732 (1967)(Defendant could not be held liable to secured creditor for conversion when creditor consented to and acquiesced in the sale of collateral; creditor waived its rights to the collateral.)

The Court finds that Bank is a proper plaintiff and this Count adequately states the elements for a conversion claim.

**Count II** seeks declaratory relief that Bank has paramount title to some or all of the gravel, rock, and aggregate in The Pit and the proceeds thereof, and is entitled to same. This count seeks 1) a determination of what property is property of the estate (see 11 U.S.C. § 541), and 2) a determination of the validity, extent, and priority of liens (see 11 U.S.C. § 506). The Court finds that this Count adequate states a claim for relief.

**Count III** seeks replevin of its collateral. Section 42-8-1 NMSA 1978 establishes the remedy of replevin:

> Any person having a right to the immediate possession of any goods or chattels, wrongfully taken or wrongfully detained, may bring an action of replevin for the recovery thereof and for damages sustained by reason of the unjust caption or detention thereof.

There is no question that a secured creditor may bring an action for conversion. Security Pacific Financial Services, a

Division of Bank of America, FSB v. Signfilled Corp., 125 N.M. 38, 43, 956 P.2d 837, 842 (Ct.App. 1998). The Court finds that that Bank is a proper plaintiff and this Count adequately states a claim for relief of replevin.

**Count IV** seeks injunctive relief to enforce the judgment of the Court. The Court finds that this Count adequately states a claim for relief. If Bank prevails on any of its claims, the Court can certainly enter orders as necessary to enforce judgments. See, e.g. 11 U.S.C. § 105.

**Count V** seeks relief under 11 U.S.C. § 362 and 11 U.S.C. § 105. Defendants' Motion, at pages 12-13, argues that only a bankruptcy trustee or debtor in possession have standing to bring actions to enforce the automatic stay, citing Tilly v. Vucurevich (In re Pecan Groves of Arizona), 951 F.2d 242, 245 (9th Cir. 1991). It is true that this case stands for the proposition that mere creditors do not have standing to attack violations of the automatic stay. Id. However, Pecan Groves was a chapter 7 case; in chapter 7 cases, a trustee is tasked with representing the interests of the unsecured creditors. Pecan Groves should be limited to its facts. This limitation is reinforced by the Ninth Circuit's statement two years later that "Normally pre-petition creditors ... shall recover damages under 11 U.S.C. §§ 362(h) and 1109(b) for willful

violations of the automatic stay." Johnston Environmental Corp. v. Knight (In re Goodman), 991 F.2d 613, 618 (9th Cir. 1993). Section 1109(g) gives standing to all creditors in a Chapter 11 case: "A party in interest, including the debtor, the trustee, ... a creditor, ... may raise and may appear and be heard on any issue in a case under this chapter." Therefore, even under the Ninth Circuit law cited by Defendants, a creditor in a Chapter 11 case can pursue violations of the automatic stay. See also Jeffries v. Browning (In re Reserves Development Corp.), 64 B.R. 694, 699-700 (W.D. Mo. 1986), injunction dissolved on appeal after foreclosure sale, 821 F.2d 520 (8th Cir. 1987)(Bankruptcy Court found creditors had standing under § 1109(b) to enforce automatic stay and enjoined other creditors from attaching an asset without relief from the automatic stay. District Court affirmed. By the time the Eighth Circuit heard the case, the stay had been lifted and the property sold, thereby automatically terminating the stay under § 362(c)(1), so the Eighth Circuit dissolved the injunction.)

Although Defendants did not raise the issue in their brief, Plaintiff responded that even though it is a corporate

Case 04-01134-s    Doc 38    Filed 10/14/04    Entered 10/14/04 16:50:00 Page 13 of 18

creditor, it should be protected by § 362(h)[6]. Alternatively, Bank seeks the aid of § 105.

Because the Court concludes that Bank can proceed under § 105, it need not resolve the issue of § 362(h)'s application to corporate entities.[7] Section 105 has repeatedly been used by the courts to remedy damages caused to a debtor or trustee by violation of the automatic stay through ordinary civil contempt. See <u>Jove Engineering, Inc. v. Internal Revenue Service (In re Jove Engineering, Inc.)</u>, 92 F.3d 1539, 1555 (11th Cir. 1996)("When the automatic stay is violated, courts generally find the violator in contempt under 11 U.S.C. § 105 if the violation is 'willful'.")(citations omitted.); <u>Maritime Asbestosis Legal Clinic v. LTV Steel Co., Inc. (In re Chateaugay Corp.)</u>, 920 F.2d 183, 187 (2nd Cir. 1990)(For non-individual debtors (i.e. non-natural persons) contempt proceedings are the proper means of compensation and

---

[6] This section states "An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." Courts have not been unanimous on whether a corporation qualifies as "an individual" as required by the statute. See Goodman, 991 F.2d at 619 (listing cases, and adopting Second Circuit's determination that "individual" does not include a corporation or other artificial entity.) The Tenth Circuit has not ruled on this issue.

[7] The Court is specifically making no decision about awarding any damages to any party.

Page -13-

punishment for willful violations of the automatic stay.); Mountain America Credit Union v. Skinner (In re Skinner), 917 F.2d 444, 447 (10th Cir. 1990)(Bankruptcy Courts have civil contempt power under 11 U.S.C. § 105 and 28 U.S.C. § 157; Bankruptcy Court properly used this power to compensate a debtor for injuries suffered as a result of a creditor's violation of the automatic stay because it is both necessary and appropriate to carry out the provisions of the bankruptcy code.); Elder-Beerman Stores Corp. v. Thomasville Furniture Indus. Inc. (In re Elder-Beerman Stores Corp.), 197 B.R. 629, 632 (Bankr. S.D. Ohio 1996)(Although a corporate debtor cannot recover under § 362(h), the court can levy sanctions through its equitable powers and issue a citation for civil contempt.)

Furthermore, courts have extended this protection under § 105 to creditors that suffer injuries from a violation of the automatic stay. Goodman, 991 F.2d at 620 (Corporate creditor can recover damages for a violation of the automatic stay under ordinary civil contempt.); Little Pat, Inc. v. Conter (In re Soll), 181 B.R. 433, 446 (Bankr. D. Ariz. 1995)(same.); Barnett Bank of Southeast Georgia, N.A. v. Trust Co. Bank of Southeast Georgia, N.A. (In re Ring), 178 B.R. 570, 576 (Bankr. S.D. Ga. 1995)(same)(dicta.)

However, the specificity of the term "individual" in § 362(h) suggests that a court may not use § 105 to award damages to the Bank. Generally, the use of § 105 is restricted to fill in gaps and ambiguities in the statutory mandates of Congress in an efficient manner. <u>In re Barnes</u>, 310 B.R. 209, 212 (Bankr. D. Colo. 2004). Section 105 should not be used to override specific Bankruptcy Code provisions. <u>Id.</u> But because Defendant has not addressed this issue, and because the complaint remains largely intact at this point, the Court will not reserve ruling on whether the Bank has standing and has stated a cause of action under 11 U.S.C. §§ 105, 362(h) and 1109(b) for damages, under a civil contempt theory.

Defendant also moves the Court to abstain from hearing this adversary because Counts 1 through 4 are non-core proceedings and the matters are at issue in a pending state court foreclosure case[8]. To the extent Counts 1 through 4 duplicate the relief sought in the foreclosure case, the Court finds that the motion is probably well taken. Plaintiff seems

---

[8] This foreclosure was actually removed, and became Adversary No. 04-1158. On September 30, 2004, this Court terminated the automatic stay with respect to that case. On October 1, 2004, this Court entered a Memorandum Opinion and Order remanding the case to the Twelfth Judicial District, Otero County, New Mexico.

Page -15-

to agree, see Bank's Response, doc. 19, page 14, that if the automatic stay were terminated, the cash collateral issues "essentially fall away" and the state law issues raised in the Complaint will be resolved in the foreclosure litigation. Therefore, the Court will set a status conference to determine if any of the Counts can be dismissed by agreement of the parties, and take the Motion to Abstain under advisement until that status conference.

**CONCLUSION**

The Court will deny Defendant's Motion to Dismiss for failure to state a claim for which relief can be granted. The Court will set a status conference on the issues of abstention.

_____
Honorable James S. Starzynski
United States Bankruptcy Judge

I hereby certify that on October 14, 2004, a true and correct copy of the foregoing was electronically transmitted, faxed, delivered, or mailed to the listed counsel and/or parties.

Paul M Kienzle, III
PO Box 587
Albuquerque, NM 87103-0587

Curtis A Jennings
2800 N Central Ste 1800
Phoenix, AZ 85004-1049

Russell C Lowe
PO Box 90536
Albuquerque, NM 87199-0536

Craig Bolton
2800 North Central, Ste 1800
Phoenix, AZ 85004-1049

William F Davis
PO Box 6
Albuquerque, NM 87103-0006

*James E. Bushee* (signature)

Page -17-

Case 04-01134-s    Doc 38    Filed 10/14/04    Entered 10/14/04 16:50:00 Page 18 of 18